■ In the Matter of AMERICAN AIRLINES, INC., Petitioner, v NEW YORK CITY TAX APPEALS TRIBUNAL et al., Respondents. [910 NYS2d 417]—

Decision of respondent New York City Tax Appeals Tribunal, dated June 29, 2009, sustaining the notice of disallowance of petitioner's claim for a refund of hotel room occupancy tax for the period from July 1, 2002 through June 30, 2003, unanimously confirmed, the petition denied and the proceeding pursuant to CPLR article 78, commenced in this Court pursuant to CPLR 506 (b) (4), dismissed, without costs.

The Tribunal's decision that petitioner was not a permanent resident with respect to the hotel rooms it occupied for less than 180 consecutive days is based on a rational interpretation of the relevant statutory provisions (*see Matter of Moran Towing & Transp. Co. v New York State Tax Commn.*, 72 NY2d 166, 173 [1988]). The Administrative Code of the City of New York provides that, except "upon a permanent resident" (§ 11-2502 [b] [1]), a tax is to be imposed "for every occupancy of each room in a hotel" (§ 11-2502 [a]). "Permanent resident" is defined thus: "Any occupant of any room or rooms in a hotel for at least [180] consecutive days shall be considered a permanent resident with regard to the period of such occupancy" (§ 11-

2051 [8]). Giving the statute "a sensible and practical over-all construction" and harmonizing these "interlocking" provisions (*see Matter of Long v Adirondack Park Agency*, 76 NY2d 416, 420 [1990]), the Tribunal reasonably determined that a person can be a permanent resident with respect to an occupancy of 180 consecutive days without being a permanent resident with respect to another occupancy of shorter duration.

Contrary to petitioner's argument, respondent Commissioner's rule that a permanent resident who rents "additional rooms" for less than 180 consecutive days is not considered a permanent resident with respect to those rooms (19 RCNY 12-01) is consistent with the enabling legislation (McKinney's Uncons Laws of NY § 9441, as added by L 1970, ch 161, § 1, as amended) and the relevant provisions of the Administrative Code. Petitioner's attempt to exempt itself from application of the rule on the ground that it used its long-term rooms and its additional rooms for the same purpose finds no support in either the rule or the illustrations that accompany it. Concur—Friedman, J.P., Nardelli, DeGrasse, Freedman and Manzanet-Daniels, JJ.